UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

          *Plaintiff*,

v.

TERRY HICKEY, et al.,

          *Defendants*.

Civil No.: 1:22-cv-02412-JRR

**MEMORANDUM OPINION**

The court has received self-represented Plaintiff Alexander Jiggetts' Motion to Move Case Back to State Court (ECF No. 13) and Motion for Jury Trial and Compel Interrogatories and Notice of Serving Interrogatories and Motion to Appoint Counsel and Recuse Judge and Also to Hve [sic] All Cases of Alexander Jiggets on Pacer be Excluded from Defendants Using Those Cases Against Plaintiff (ECF No. 15.) Each motion contains various requests for relief. The court construes the motion at ECF No. 13 to contain a motion to remand; a motion to amend the complaint; a motion to compel discovery responses; a motion to recuse the undersigned judge; and a motion for appointment of counsel. The court construes the motion at ECF No. 15 to contain a demand for jury trial; a motion to compel discovery responses; a motion to recuse the undersigned judge; a motion for appointment of counsel; and a motion in limine. Defendants failed to respond to either motion. No hearing is necessary. The court addresses these matters below.

    *1. Motion to Remand (ECF No. 13)*

Plaintiff requests that his case be remanded to state court because this "is a sophisticated court" and he does not have an attorney. Grounds for remand of a case removed from state court

to this court do not include consideration of whether plaintiff's ability to litigate his claims is adversely affected.

Under 28 U.S.C. § 1441, a civil action filed in a state court is subject to removal if the United States District Court to which it is removed has original jurisdiction over the claims raised in the complaint. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112–113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. "If federal law, as opposed to state law, creates a plaintiff's cause of action, then removal is proper." *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 198 (4th Cir. 2022), *see also Pinney v.Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (federal courts must look to the complaint to determine if federal or state law creates the cause of action to determine if removal is proper).

Mr. Jiggetts' claim asserts violations of his federal constitutional rights as well as the "U.N. Declaration of Human Rights' right to housing," adding that the United States is a member of the United Nations. (ECF No. 6.) His complaint raises a dispute under federal law; therefore, removal of the complaint to this court was allowable. The Motion to Remand will be denied.

### *2. Motions for Appointment of Counsel (ECF Nos. 13 and 15)*

Plaintiff requests that the court appoint him counsel if the case is not remanded to state court because the case raises "a complicated issue." (ECF No. 13.) In a civil action, a court's discretion to appoint counsel under 28 U.S.C. § 1915(e)(1) should be invoked only in "exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264,

2

266 (5th Cir. 1982). While it is clear that Mr. Jiggetts is understandably impassioned about his claims, this action does not present an exceptional case for purposes of appointment of counsel. Having found no exceptional circumstances warranting appointment of counsel, the motions for appointment of counsel will be denied without prejudice.

### 3. Motion to Amend Complaint (ECF No. 13)

"A party may amend its pleading once as a matter of course within: 21 days after serving it." FED. R. CIV. P. 15(A)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(A)(2). "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

Mr. Jiggetts requests leave to amend his complaint to raise the amount he is suing for from $30,000 to $100,000. (ECF No. 13.) At this early stage of the case, the amendment would not be prejudicial to the opposing party and there has been no bad faith on the part of Mr. Jiggetts. Therefore, the Motion to Amend Complaint in ECF No. 13 will be granted.[1]

### 4. Demand for Jury Trial (ECF No. 15)

"'The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." *Macsherry v. Sparrows Point, LLC*, No. 15-22, 2017 U.S. Dist. LEXIS 190895, at *3 (Nov. 17, 2017) (quoting FED. R. CIV. P. 38(b)). "Pursuant to Fed. R. Civ. P. 38(b), 'a party may demand a jury trial by: (1) serving the other parties with a written demand—

---

[1] Mr. Jiggetts filed an amended complaint on November 8, 2022, which was rejected for filing and returned to him because he had not obtained leave of court. (ECF No. 17.) Mr. Jiggetts is now entitled to file his amended complaint if he so wishes.

which may be included in a pleading—no later than 14 days after the last pleading directed to issue is served . . ." *Id.* (quoting FED. R. CIV. P. 38(b)). Additionally, "[t]he right to a jury trial may be waived 'unless [the] demand is properly served and filed.'" *Id.* (quoting FED. R. CIV. P. 38(d)). If the case is removed to federal court, "a party who has expressly demanded a jury trial in accordance with state law need not renew that demand after removal to federal court." *Id.* at *5 (citing FED. R. CIV. P. 81(c)(3)). "If, however, state law did not require an express jury trial demand, 'a party need not make once after removal unless the court orders the parties to do so within a specified time.'" *Id.* (quoting FED. R. CIV. P. 81(c)(3)). "Maryland Rule 2-325(a) states: 'Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.'" *Id.* (citing Maryland Rule 2-325(a)). "Rule 2-325(b) states: 'The failure of a party to file the demand within 15 days after service of the last pleading filed, by any party directed to the issue constitutes a waiver of trial by jury.'" *Id.* at *6 (quoting Rule 2-325(b)).

Here, the Complaint filed at ECF No. 6 did not include a jury trial demand (separately or in a separately titled section at the conclusion). The Complaint therefore does not fall within Maryland Rule 2-325(a). The Complaint also does not fall within Federal Rule 81(c)(3) because a jury trial was not requested in accordance with state law and, although all necessary pleadings had been served at the time of removal, a jury trial demand was not made within 14 days after Plaintiff was served with a notice of removal filed by Defendants.

Federal Rule of Civil Procedure 39 provides that "the [c]ourt may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39. "[T]he decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court." *Malbon*

*v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980). The Fourth Circuit applies a "four-factor balancing test to assess whether, in the trial court's discretion, it is proper to grant a motion pursuant to Fed. R. Civ. P. 39(b)." *Macsherry*, 2017 U.S. Dist. LEXIS 190895, at *12. The four factors are: (1) whether the issues are more appropriate for determination by a jury or a judge; (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion; (4) any effect a jury trial would have on the court's docket and the orderly administration of justice. *Id.* (citing *Malbon*, 636 F.2d at 940 n.11)). Some courts also consider "the reason for the failure to make a timely demand." *Id.* (quoting *Sky Angel U.S., LLC v. Discovery Communications, LLC*, 28 F. Supp. 3d 465, 474 (D. Md. 2014)).

Mr. Jiggetts seeks a jury trial because he believes the case needs to be decided by the people. (ECF No. 15.) He does not provide any reason for his failure to make a timely demand and Defendants have not opposed his request for a jury a trial. At this stage of the proceedings, the court finds Defendants would suffer no prejudice to entitle Mr. Jiggetts to a trial by jury. The Demand for Jury Trial will be granted.

### 5. Motions to Compel (ECF No. 13 and 15)

Mr. Jiggetts asserts that he issued interrogatories on September 9, 2022, and Defendants failed to provide answers as of the date he filed the pending motions – September 27, 2022 (ECF No. 13) and November 10, 2022 (ECF No. 15). Mr. Jiggetts served his interrogatories by United States mail. (ECF. No. 13-1.) Federal Rule 33 allows Defendants 30 days to respond to the interrogatories; further, under Federal Rule 6(d), Defendants are allowed an additional three days due to the fact that the interrogatories were served by mail. FED. R. CIV. P. 33 and 6. In addition, Local Rule 104.7 requires that Mr. Jiggetts make a sincere effort to avoid discovery motions by reaching out to Defendants to resolve the discovery dispute without the need for court intervention.

Local Rule 104.7 further mandates that the court will not consider any discovery motion absent a certificate documenting that such efforts were made, including the date, time and place of the discovery resolution efforts, or that efforts to engage in such a resolution effort went unanswered. Therefore, Mr. Jiggetts' motions to compel are premature and violate the Local Rules of the court. The Motions to Compel will denied without prejudice.

### 6. Motion for Recusal of Judge (ECF Nos. 13 and 15)

Lastly, Mr. Jiggetts seeks recusal of the undersigned because "I don't believe that she could make rulings in this case without favor for the cause of women and the defendants who are two women" and claims bias on the basis that "Judge is in a frat at her college that favors women, and she went to an all-female college." (ECF No. 13, p. 1.) He adds that one of his cases was recently dismissed by the undersigned. *Id*.

Recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. 28 U.S.C. § 144. A motion for recusal must also be accompanied by a certificate of good faith. Another section of the code, 28 U.S.C. § 455, requires a federal judge to recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned." Any alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Due process may sometimes demand recusal even when a judge has no actual bias if, for instance, "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable." *See Rippo v. Baker*, 580 U.S. 285 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Mr. Jiggetts' request for recusal is based solely on

his view of women generally and of female jurists specifically. He offers no factual basis to support his conclusory claim of bias and fails to set forth a plausible basis on which the court could conclude that its impartiality might be reasonably questioned. The request will be denied.

### 7. Motion in Limine (ECF No. 15)

Mr. Jiggetts requests that Defendants "not be allowed to use any case on Pacer that plaintiff filed in this court [because] none of them have anything to do with this case." (ECF No. 15.) This request, in effect, requests a ruling on admissibility on the basis of relevance. In the event this action proceeds to trial, the court will rule on this motion. Until then, it shall be held *sub curia*.

/s/
Julie R. Rubin
United States District Court Judge

November 16, 2022