UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

        *Plaintiff*,

v.

TERRY HICKEY, *et al.*,

        *Defendants*.

Civil No.: 1:22-cv-02412-JRR

**OPINION AND ORDER**

This matter comes before the court on *pro se* Plaintiff Alexander Jiggetts' Motion to Reopen. (ECF No. 23.) The court also has before it Defendants' Motion to Withdraw as Attorney (ECF No. 33) and Plaintiff's Motions for Ruling for Judgment. (ECF Nos. 35 and 37.) Plaintiff has also filed a supplement to his Motion to Reopen, as well as correspondences and notices regarding same. *See* ECF Nos. 24-31. The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

Plaintiff initiated action on August 18, 2022, by filing a Complaint in the District Court of Maryland for Baltimore County against Defendants Terry Hickey, Marsha Parham, Renelle Martin, and Baltimore County Housing and Community and Development. (ECF No. 1-2.) The Complaint alleged that Defendants violated Plaintiff's constitutional rights in connection with the selection process for Section 8 public housing. *Id.* On September 22, 2022, Defendants removed the case to this court. (ECF No. 1.) On December 27, 2022, Plaintiff filed two requests that the court dismiss the action. (ECF Nos. 20 and 21.) On December 29, 2022, this court dismissed the

above-entitled action without prejudice. (ECF No. 22.) On September 24, 2023, Plaintiff filed the pending Motion to Reopen. (ECF No. 23.)

In *Great American Insurance Company of New York v. Day*, the court succinctly explained:

> Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Because a dismissal under this rule is effected without court order, "there is no final order or judgment from which a party may seek relief under Rule 60(b), and the district court lacks jurisdiction to grant a Rule 60(b) motion." *Ajiwojo v. Cottrell*, 245 Fed. Appx. 563, 565 (8th Cir. 2007); *see also Netwiq v. Georgia Pac. Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir. 1993) (district court may not vacate a Rule 41(a)(1) notice of dismissal without prejudice); *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) ("notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur."). Accordingly, Plaintiff may not reopen the instant case, but must instead commence a new action. *See Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir.1989) ("The only differences between dismissal followed by reinstatement and a Rule 41(a)(1) dismissal followed by a re-filing are that the latter requires a new docket fee and must satisfy the statute of limitations.").

No. CIV.A. DKC 12-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013); *see also Eggleston v. Daniels*, No. 15-11893, 2017 WL 3977799, at *3 (E.D. Mich. Sept. 11, 2017) (explaining that "[i]n order to re-open a case that has been voluntarily dismissed without prejudice, the proper course of action is to file a new complaint, not move to re-open").

Accordingly, because Plaintiff voluntarily dismissed this action, this action shall not be reopened. Because the court will not reopen this case, Defendants' Motion to Withdraw as Attorney (ECF No. 33) and Plaintiff's Motions for Ruling for Judgment (ECF Nos. 35 and 37) will be denied as moot.[1]

---

[1] The court notes that Plaintiff's pending Motions for Ruling for Judgment appear to be duplicate/identical filings made three days apart in which Plaintiff essentially requests "immediate ruling for judgment" from $1 Million to $16 Million for bases about which Plaintiff complained in his voluntarily dismissed Complaint.

Accordingly, it is this 4th day of December 2023 by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Motion to Reopen Case (ECF No. 23) shall be, and is hereby, **DENIED**;

2. The Motion to Withdraw as Attorney (ECF No. 33) shall be, and is hereby, **DENIED AS MOOT**;

3. The Motions for Ruling for Judgment (ECF Nos. 35 and 37) shall be, and are hereby, **DENIED AS MOOT**; and

4. The Clerk **SHALL PROVIDE** a copy of this Order to Plaintiff and to counsel for Defendants.

/s/
Julie R. Rubin
United States District Judge